IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE PETITION § 
OF SHAUN E. CARPENTER § No. 373, 2016
FOR A WRIT OF MANDAMUS §

Submitted: August 10, 2016
Decided: October 10, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, and **VALIHURA**, Justices.

## ORDER

This 10th day of October 2016, upon consideration of the petition of Shaun Carpenter for a writ of mandamus, it appears to the Court that:

(1) The petitioner, Shaun Carpenter, seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus directing the Superior Court to provide him with a copy of transcripts in Cr. ID 1305007301. The State has filed a motion to dismiss Carpenter's petition on the ground that it manifestly fails to invoke this Court's original jurisdiction. We agree.

(2) The Superior Court docket in Cr. ID 1305007301 reflects that Carpenter pled guilty and was sentenced in that case in May 2014. He did not file a direct appeal. In April 2015, he filed his first motion for postconviction relief under Superior Court Criminal Rule 61, which was referred to a Superior Court Commissioner. After briefing was completed on the motion, Carpenter

filed a request for transcripts at State expense, which the Commissioner denied on June 24, 2016. Thereafter, Carpenter filed this petition for mandamus asking this Court to direct the Commissioner to provide him with the transcripts he requests.

(3) A writ of mandamus is designed to compel a lower court to perform a duty if it is shown that: the complainant has a clear right to the performance of the duty; that no other adequate remedy is available; and that the trial court has arbitrarily failed or refused to perform its duty.[1] A writ of mandamus will not be issued "to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[2]

(4) A writ of mandamus is not warranted under the present circumstances because Carpenter cannot establish that the Superior Court has arbitrarily refused to perform a duty owed to him. Although an indigent defendant is entitled to a free transcript in order to pursue a direct appeal, there is no absolute right to free transcripts on collateral review, absent a showing of

---

[1] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

[2] *Id.*

good cause.[3]  Moreover, there was[4] an adequate legal remedy available in the postconviction process because a timely appeal from a final order denying postconviction relief brings up any interlocutory rulings for review, including the denial of transcripts.[5]

NOW, THEREFORE, IT IS ORDERED that the petition for the issuance of an extraordinary writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Randy J. Holland*
Justice

---

[3] *In re Williams*, 2014 WL 1365826, n.4 (Del. Apr. 4, 2014) (citing *United States v. MacCollom*, 426 U.S. 317, 323-35 (1976)).

[4] It does not appear that Carpenter ever filed an appeal from the Superior Court's August 11, 2016 dismissal of his petition for postconviction relief.  Carpenter's failure to avail himself of this legal remedy, however, does not change our analysis in this case. *See In re Forehand*, 2002 WL 31681720 (Del. Nov. 25, 2002).

[5] *Middlebrook v. State*, 2000 WL 975060 (Del. May 30, 2000).